UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LATHAN STEVEN WARD,

                Petitioner,

v.                                                                 Case No. 24-cv-0353-bhl

MICHAEL GIERACH, Interim Warden,[1]

                Respondent.

## ORDER DENYING § 2254 HABEAS PETITION

      In 2019, a Kenosha County jury found Petitioner Lathan Steven Ward guilty of false imprisonment, substantial battery, and intimidating a victim by use or attempted use of force, all by use of a dangerous weapon. Following his conviction, the state court sentenced Ward to fifteen years of initial confinement. Ward's appellate counsel filed a no-merit report pursuant to *Anders v. California* and Wis. Stat. § 809.32. After the Wisconsin Court of Appeals summarily affirmed Ward's conviction, he filed a petition for writ of habeas corpus in this Court under 28 U.S.C. § 2254. (ECF No. 1.) Because Ward has not established that he is entitled to habeas relief, his petition will be denied.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

      In August 2018, Ward was charged with multiple offenses based on allegations that he and a woman went to the home of the woman's former fiancé, where Ward "pistol whipped" the man and caused him significant injuries. (ECF No. 8-4 at 2.) The case proceeded to a jury trial at which "the theory of defense was that Ward was not the man who accompanied [the woman] to the home [of her former fiancé] and beat [him]." (*Id.*) The woman and her former fiancé both

---

[1] Ward is incarcerated at Kettle Moraine Correctional Institution, where Michael Gierach is now Interim Warden. Accordingly, Gierach is the appropriate Respondent for Ward's habeas petition. *See* Rule 2(a) of the Rules Governing § 2254 Cases; Fed. R. Civ. P. 25(d).

[2] In deciding a habeas petition, the Court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by "clear and convincing evidence." *Id.* The background facts are based on the Wisconsin Court of Appeals decision summarily affirming Ward's conviction. (*See* ECF No. 8-4.)

identified Ward and testified that he was the perpetrator. (*Id.*) Ward did not testify. (*Id.*) The jury found Ward guilty of false imprisonment, substantial battery, and intimidating a victim by use or attempted use of force, all by use of a dangerous weapon, but acquitted Ward of armed robbery with use of force. (*Id.* at 1–2.) Ward was sentenced to 15 years of initial confinement and 8.5 years of extended supervision. (*Id.* at 2.)

The public defender's office appointed appellate counsel who prepared and filed a no-merit report. (ECF No. 8-2 at 1–34.) Ward filed a response. (ECF No. 8-3 at 1–21.) The Wisconsin Court of Appeals directed appellate counsel to file a supplemental report, which he did. (ECF No. 8-2 at 35–52.) Ward then filed a response to the supplemental report. (ECF No. 8-3 at 22–24.) The Wisconsin Court of Appeals affirmed Ward's conviction, concluding that there was "no issue of arguable merit that could be pursued on appeal." (ECF No. 8-4 at 2.) Ward then petitioned for review in the Wisconsin Supreme Court, but that court denied his petition on September 26, 2023. (ECF No. 8-5 at 19.) Ward did not file a petition for writ of certiorari with the United States Supreme Court. (ECF No. 1 at 4.) On March 21, 2024, Ward timely filed a petition for writ of habeas corpus with this Court. (*Id.*)

## LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits a federal court's ability to grant habeas corpus relief. To obtain relief under AEDPA, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Jones v. Basinger*, 635 F.3d 1030, 1040 (7th Cir. 2011) (quoting 28 U.S.C. § 2254(a)). With respect to a claim adjudicated on the merits in state court, a habeas petition can be granted only if the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Cullen v. Pinholster*, 563 U.S. 170, 180–81 (2011). This standard is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted). It is intentionally very difficult to meet. *See Metrish v. Lancaster*, 569 U.S. 351, 357–58 (2013).

A state court decision is contrary to clearly established Federal law within the meaning of Section 2254(d)(1) if the state court "applie[d] a rule different from the governing law set forth" by Supreme Court precedent or "decide[d] a case differently than [the Supreme Court has] on a

set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). A state court decision unreasonably applies established precedent within the meaning of Section 2254(d)(2) when the "state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). It is not enough that "a federal court believes the state court's determination was incorrect" or erroneous. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Rather, the state court's application of clearly established law must be "objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014)). As the Supreme Court has emphasized, "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility that fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" *Nevada v. Jackson*, 569 U.S. 505, 508–09 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

## ANALYSIS

On habeas, Ward asserts four grounds for relief, all based on the alleged ineffective assistance of his counsel. Ward first contends that trial counsel's deficient performance prejudiced him, arguing that counsel's choices were not strategic and counsel's failure to "order a[n] exculpatory evidence hearing" violated the Sixth Amendment. (ECF No. 9 at 2.) Second, Ward asserts that his counsel improperly failed to object to false evidence and alleges that the "Airsoft BB gun toy revolver [was] obtained unlawfully." (*Id.*) Third, Ward alleges that his counsel failed to impeach "victim and witness." (*Id.* at 3.) Fourth, Ward contends that counsel failed to raise any defense or argue prosecutorial misconduct, vindictive prosecution, and selective prosecution. (*Id.* at 3.)

Under AEDPA, Ward is required to show that no fair-minded jurist would conclude that the Wisconsin Court of Appeals' decision rejecting his claims was inconsistent with the applicable United States Supreme Court precedent. *See Harrington*, 562 U.S. at 102. Because Ward has failed to make this showing on any of his grounds, his petition will be denied.

## I. The Wisconsin Court of Appeals Did Not Unreasonably Apply Controlling Supreme Court Precedent in Concluding that Trial Counsel Was Not Constitutionally Ineffective.

The controlling Supreme Court precedent for an ineffective assistance of counsel claim is *Strickland v. Washington*, 466 U.S. 668 (1984). To establish a violation of *Strickland*, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Thus, the *Strickland* test requires the petitioner to establish both (1) deficient performance by counsel and (2) prejudice. Regarding the deficient-performance prong, great deference is given to counsel's performance, and the petitioner has a heavy burden to overcome the strong presumption of effective performance. *Id.* at 689–90; *Coleman v. United States*, 318 F.3d 754, 758 (7th Cir. 2003). This burden requires Ward to "establish specific acts or omissions of his counsel which constitute ineffective assistance," to which this Court then "determine[s] whether these acts or omissions were made outside the wide range of professionally competent assistance." *Coleman*, 318 F.3d at 758 (citing *Menzer v. United States*, 200 F.3d 1000, 1003 (7th Cir. 2000)). To show prejudice, Ward must demonstrate "that but for counsel's unprofessional error, the results would have been different." *Id.* at 760. "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112 (citing *Strickland*, 466 U.S. at 693). A court need not address both components; if the defendant makes an insufficient showing on one, the inquiry ends. *Strickland*, 466 U.S. at 697.

In order to prevail in this case, Ward must show that the Wisconsin Court of Appeals' decision affirming his conviction was either contrary to, or an unreasonable application of, *Strickland*. Ward's petition does not argue or even identify the applicable standard for relief in this case. Instead, Ward simply reiterates his cursory and undeveloped allegations of ineffective assistance of counsel without any detail or explanation. "[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority are waived . . . ." *United States v. Hook*, 471 F.3d 766, 775 (7th Cir. 2006) (quoting *United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000)).

Ward's failure to address the proper standard aside, the record confirms he is not entitled to relief. Ward's state court appeal was handled through the no-merit process. *Anders v. California*, 386 U.S. 738 (1967), permits appellate counsel to file a no-merit brief and to withdraw as counsel if: (1) counsel has conducted a "conscientious examination" of the case; (2) counsel's motion to withdraw is based on an opinion that the appeal is frivolous and is accompanied by a

brief referring to anything in the record that arguably supports the appeal; (3) counsel furnishes the defendant with a copy of the brief and the defendant is allowed to raise any points that he chooses; and (4) the appellate court conducts a thorough examination and decides whether the appeal is wholly frivolous. *Walker v. McCaughtry*, 72 F. Supp. 2d 1025, 1032 (E.D. Wis. 1999) (citing *Anders*, 386 U.S. at 744). In this case, appointed appellate counsel drafted a detailed no-merit report and a supplemental report, Ward filed responses to the reports, the Wisconsin Court of Appeals reviewed the entire record, including all reports and responses, and the appellate court ultimately determined that further appellate proceedings would be frivolous and without any arguable merit. (ECF Nos. 8-2–4.) That procedure complied with both federal and state law. *See Anders*, 386 U.S. 738; Wis. Stat. § 809.32(1).

Ward raised ineffective assistance in response to the no merit report and the court of appeals addressed his arguments. In the state court, "Ward asserted that trial counsel should have performed a better investigation, objected to certain evidence, impeached witnesses, and challenged the search warrant." (ECF No. 8-4 at 3.) The appellate court directed appellate counsel to address whether there was a legal basis for Ward's trial counsel to have filed a motion to suppress. (*Id.* at 4.) In a supplemental response, appellate counsel "provided a detailed explanation for why there was no basis to challenge the search warrant and its execution, and the report concluded there would be no merit to alleging that trial counsel should have filed a suppression motion." (*Id.*) The court of appeals concluded that "[t]here would be no arguable merit to challenging the search warrant or trial counsel's performance on that issue." (*Id.*) Ward's brief in support of his petition in this Court provides no basis to disturb the state court's decision on these claims. (*See* ECF No. 9 at 2–4.) "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101. The Supreme Court has acknowledged that "[s]urmounting *Strickland*'s high bar is never an easy task," and "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Id.* at 105 ("The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (citations omitted)); *see also Woods*, 575 U.S. at 316–17 ("[F]or claims of ineffective assistance of counsel, [] AEDPA review must be doubly deferential in order to afford both the state court and the defense attorney the benefit of the doubt." (cleaned up)). Ward does not argue that the Wisconsin Court of Appeals' decision is contrary to, or an unreasonable application of, *Strickland*. Ward fails to

present any argument that the court of appeals decision was unreasonable, and therefore, his petition will be denied.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the rules Governing Section 2254 Cases, the Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitution right. *See* 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is if "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). The Court declines to issue a certificate of appealability because reasonable jurists could not debate the Court's decision to deny the petition on the merits.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Ward's petition for writ of habeas corpus, ECF No. 1, is **DENIED**, and the case is **DISMISSED with prejudice**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Court does not find that a reasonable jurist could conclude that the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated at Milwaukee, Wisconsin on February 4, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge